# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ELISTON F. GEORGE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00279 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Eliston F. George, Pro Se Petitioner.*

The petitioner, an inmate proceeding pro se, brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The petitioner asserts that, based on falsified evidence, he was wrongly convicted in 1978 in the District Court of the Virgin Islands, a local or territorial court, now named Superior Court, on charges of first-degree murder and possession of a deadly weapon and sentenced to life in prison.[1] After review of the record, I must summarily dismiss the defendant's petition without prejudice.[2]

---

[1] The petition indicates that the petitioner is currently incarcerated under this sentence at Keen Mountain Correctional Center in Oakwood, Virginia, within the jurisdiction of this court.

[2] *See* Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in the sentencing court is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977) (internal quotation marks and citation omitted). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

George's petition does not specify any recent change of substantive law making it no longer criminal conduct to use a deadly weapon to murder someone, and I am not aware of any such precedent or statutory amendment. Thus, George fails to meet a critical element of the *In re Jones* standard as required to show that

§ 2255 is inadequate or ineffective to test the legality of his conviction,[3] and his challenge to his conviction cannot be addressed under § 2241 accordingly.


## III

Because George's claim is not appropriately raised under § 2241, I will summarily dismiss his petition.

A separate Final Order will be entered herewith.

DATED:  June 24, 2014

/s/  James P. Jones
United States District Judge

---

[3] In fact, records available online indicate that George has previously filed numerous habeas corpus petitions and appeals in the courts of the Virgin Islands, as well as prior § 2255 motions. *See, e.g., George v. Wilson*, 59 V.I. 984, 2013 WL 5819098, *1-2 (V.I. 2013) (detailing petitioner's several attempts at post-conviction relief, including prior § 2255 proceedings).